BOLIN, Judge.
Planters of Pine Bluff, Inc. sued Gallion Gin Inc. and Mr. and Mrs. Robert Lester Braddock, alleging a solidary indebtedness to plaintiff of $80,857.13. The alleged personal liability of the Braddocks was as accommodation endorsers on several promissory notes made by Gallion Gin payable to Planters. Additionally, Mr. and Mrs. Braddock were sued for $2,926.97, the alleged unpaid balance on a promissory noté made by them to Planters. Coupled with the suit was an action by Planters against Mr. and Mrs. Braddock and their three children to set aside an act of donation of real and personal property from the Braddocks to their children as having been made gratuitously and in fraud of their creditors. For written reasons the lower court rendered judgment in favor of plaintiff substantially as prayed for and defendants appeal.
Before this court defendants concede the correctness of the judgment casting the Braddocks solidarily with Gallion Gin and the appeal is limited to the correctness of that portion of the judgment setting aside the donation as being in fraud of creditors.
The act of donation, introduced into evidence, reflects it was gratuitous and concerning this fact there is no argument. Therefore, as we view the case the sole question on appeal is whether plaintiff has shown the donation should be set aside under Article 1980 of the Louisiana Civil Code which provides:
“If the contract be purely gratuitous, it shall be presumed to have been made in fraud of creditors, if, at the time of making it, the debtor had not over and above the amount of his debts, more than twice the amount of the property passed by such gratuitous contract.”
The district judge favored this court with an excellent written opinion with which we agree. Because he analyzed the law and evidence so well and, further, be *154 cause we must candidly admit we cannot improve upon his work, we take the liberty of quoting at length from his reasons:
******
“The facts of this case place it clearly within the provisions of Article 1980 of the Louisiana Civil Code in the opinion of this Court. The plaintiff has proven at the time of the donation in 1967 Mr. and Mrs. Braddock were personally obligated to Planters of Pine Bluff, Inc. in an amount of some $80,000.00. In addition, according to the financial statement filed in evidence as Exhibit P-27, the Braddocks were shown to have owed in 1966 to the Federal Land Bank some $56,000.00 and to the Bastrop National Bank an additional $2,000.00. This financial statement is not clear as to their net worth and does not include any indebtedness to Planters of Pine Bluff, Inc. Even assuming that by 1967 Mr. and Mrs. Braddock had reduced their Federal Land Bank indebtedness by the amount of the annual installment shown on said financial statement and assuming that the entire annual installment was attributed to principal, they would still have owed the Federal Land Bank in excess of $50,000.00 in 1967 at the time of the donation. They also owed money to a local bank and to the Tallulah Loan Company.
“Although the exact debt picture of Mr. and Mrs. Braddock at the time they made this donation in 1967 is not clear, it is apparent from the record that they did not have over and above the amount of their debts more than twice the amount of the property passed by the donation to their children. This being so the donation was presumed to have been made in fraud of the creditors. The only property which Mr. or Mrs. Braddock had after the donation was a small piece of property (3.61 acres of farm land) which they stated was under lease and under option to sell to one Dr. John Coates, which had a value of approximately $12,000.00, and the stock in the Gallion Gin, Inc, which they valued at approximately $10,000.00.
“Counsel for defendants in his brief would have the Court place the burden on the plaintiff of proving defendants’ (1) insolvency, (2) fraudulent motives, and (3) participation in the fraud by all parties to the injury of the creditors, citing as his authority for this proposition the case of Moran Versus Johnson, 151 So. 139 (2 C.C.A., 1933).
“A reading of the Moran case shows that no donation was involved, but rather a sale and it is also clear from reading the articles of the Civil Code relating to the revocation of sales that the presumption contained in Article 1980 is not included. This presumption in Article 1980 is limited to contracts purely gratuitous and under the circumstances outlined in said article.
“It is the opinion of this Court that, contrary to defendants’ position, once the plaintiff established the facts necessary to give rise to the presumption which is provided for this type of case in Civil Code Article 1980, it then became incumbent upon the defendants to establish that this donation made in 1967 was not made in fraud of the creditors.
“The evidence presented by the defendants by which they apparently intended to rebut (he presumption arising from the donation was to the effect that the donation was made in connection with estate planning. Both Mr. and Mrs. Braddock testified that they had become concerned because Mr. Braddock had suffered a heart attack and for the further reason that they had knowledge of a certain Mickie Succession which had become very involved and costly to the heirs of this deceased acquaintance. They testified that they made the donation in order to attempt to avoid the heavy federal estate tax. However, they admitted that neither of them had made a will and there was no provision made for the survivors of them. The attorney who prepared the *155 donation testified by deposition that he was not an expert on estate planning; that he prepared no gift tax returns in connection with the donation; that they discussed the difference between estate taxes and taxes on donations inter vivos in a general way; and that he had advised the Braddocks that if Mr. Braddock lived the “necessary time” he would probably save some money in taxes by this method.
“It is the opinion of this Court that the evidence produced by the defendant fell far short of overcoming the presumption of Civil Code Article 1980 that this donation was made in fraud of creditors.”
ijc 4c % % ‡
The judgment appealed from is affirmed at appellants’ costs.